1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTHONY RICARDO FARINHA,

Defendant.

Case No.  CR09-70RSL

ORDER DENYING DEFENDANT'S
MOTION TO REVOKE
DETENTION ORDER

17

18

19

20

21

22

23

24

25

26

        This matter comes before the Court on defendant's "Motion for Review and

Revocation of Detention Order" (Dkt. # 43).  The defendant asks this Court to reverse the

detention order issued by the Honorable Brian A. Tsuchida, United States Magistrate

Judge.  See Dkt. # 17.   For the reasons set forth below, the Court finds that no condition

or combination of conditions will reasonably assure the appearance of defendant as

required.  Therefore, the Court DENIES the defendant's motion and orders defendant be

detained pending trial.

ORDER DENYING DEFENDANT'S MOTION
TO REVOKE DETENTION ORDER - 1

**BACKGROUND**

On March 12, 2009, a grand jury indicted Mr. Farinha on a charge of conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), as well as a charge of conspiracy to export cocaine in violation of 21 U.S.C. § 953(a), 960(a)(1), 960(b)(1)(B), and 963.  Dkt. # 1.  Mr. Farinha is a Canadian citizen.  See Dkt. # 10 at 3. After three years of extradition proceedings in Canada, defendant exhausted all appeals, was taken into custody by Canadian law enforcement, and was surrendered to United States agents on July 2, 2013.  Id.  Once in this district, Magistrate Judge Tsuchida ordered Mr. Farinha detained pending trial at a hearing on July 23, 2013, despite Pretrial Services' recommendation for release with conditions.  Dkt. # 17.  Judge Tsuchida found no conditions of release that would reasonably assure the appearance of the defendant as he is a Canadian citizen with no ties to the community and great incentive to flee.  Id.

Mr. Farinha filed a motion to reopen his detention hearing on October 25, 2013. Dkt. # 36.  Mr. Farinha argued that his detention hearing should be reopened because he did not have an opportunity to confront the government's allegations that he lied in order to evade extradition.  Id.  Judge Tsuchida denied the motion to reopen the detention hearing based on the record that showed that Mr. Farinha "claimed to be an informant who could not be extradited."  Dkt. # 42 at 1.

On November 8, 2013, Mr. Farinha filed a motion to revoke his detention order. Dkt. # 43.  Mr. Farinha argues that he did not have an opportunity to rebut allegations that he had made false statements in extradition proceedings, and accordingly, he requests that the detention order be revoked.  Id.

1

**DISCUSSION**

2

**I. <u>Standard of Review</u>**

3  The Court reviews the pretrial detention order of a magistrate judge de novo.

4 <u>United States v. Koenig</u>, 912 F.2d 1190, 1191 (9th Cir. 1990).  Although the Court

5 considers the evidence presented to the magistrate judge, it accords no deference to the

6 magistrate judge's findings of fact and ultimate conclusion.  <u>Id.</u> at 1193.

7

**II. <u>Bail Reform Act</u>**

8  The Bail Reform Act requires a court to order detention of a person pending trial

9 upon finding, "that no condition or combination of conditions will reasonably assure the

10 appearance of the person as required and the safety of any other person and the

11 community . . . ." 18 U.S.C. § 3142(e).  To prevent a defendant's release, the government

12 must prove that a defendant is a danger to the community by clear and convincing

13 evidence, or it must prove that a defendant is a flight risk by a clear preponderance of the

14 evidence.  <u>United States v. Motamedi</u>, 767 F.2d 1403, 1406 (9th Cir. 1985).

15  Pretrial detention should only be granted "in rare circumstances . . . and any doubts

16 regarding the propriety of release should be resolved in the defendant's favor."  <u>United</u>

17 <u>States v. Gebro</u>, 948 F.2d 1118, 1121 (9th Cir. 1991).   The Court may impose conditions

18 that it deems necessary to guard against a defendant's flight or danger to the community.

19 <u>See</u> 18 U.S.C. § 3142(c).  In deciding whether conditions could reasonably assure the

20 defendant's appearance and the safety of the community, the Court evaluates four factors:

21 "(1) the nature and circumstances of the offense charged . . . ; (2) the weight of the

22 evidence against the person; (3) the history and characteristics of the person . . . ; and (4)

23 the nature and seriousness of the danger to any person or the community that would be

24 posed by the person's release."  18 U.S.C. § 3142(g).

25

26

ORDER DENYING DEFENDANT'S MOTION
TO REVOKE DETENTION ORDER - 3

1    Section 3142(e) provides that a rebuttable presumption against pretrial release

2    exists when a court finds probable cause that the defendant committed an offense under

3    21 U.S.C. § 841.  See 18 U.S.C. § 3142(e)(3)(A)-(B).  For purposes of § 3142(e), an

4    indictment by a grand jury establishes probable cause triggering the presumption.  See

5    United States v. Ward, 63. F. Supp. 2d 1203, 1209 (C.D. Cal. 1999).  In order to rebut the

6    presumption, the defendant must produce evidence that he does not pose a danger to the

7    community or a risk of flight.  United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003).

8    Although the presumption shifts a burden of production to the defendant, the burden of

9    persuasion remains with the government.  United States v. Hir, 517 F.3d 1081, 1086 (9th

10   Cir. 2008).

11   **A.     PRESUMPTION AGAINST DEFENDANT'S RELEASE**

12            **1. Statutory Presumption**

13            Mr. Farinha is charged with violating § 841 of the Controlled Substances Act.

14   See 21 U.S.C. § 841(a)(1) (prohibiting the manufacturing and distribution of controlled

15   substances).  Under §841(b)(1)(A), the minimum prison term for violation of §841(a)(1)

16   is ten years.  A grand jury returned an indictment against Mr. Farinha for conspiring to

17   distribute and export cocaine.  Dkt. # 1.  As a result, probable cause exists that Mr.

18   Farinha committed an offense under the Controlled Substance Act that carries a

19   maximum term of imprisonment of ten or more years, and a rebuttable presumption arises

20   against his release.  See 18 U.S.C. § 3142(e)(3)(A).  In order to overcome the

21   presumption against his release, Mr. Farinha must produce evidence showing that he is

22   not a risk of flight or a danger to the community.

23            **2. Defendant's Rebuttal**

24            In his motion for revocation of the detention order (Dkt. # 43), Mr. Farinha argued

25

26

ORDER DENYING DEFENDANT'S MOTION
TO REVOKE DETENTION ORDER - 4

that he did not have the opportunity to rebut the government's assertion that he falsely

claimed that he could not be extradited because he was a police informant.  Dkt. # 43.

Mr. Farinha argues that he never made any false statements in the extradition

proceedings.  Id.  However, the record shows that Mr. Farinha argued that he should not

be extradited because he was a police informant.  Dkt. # 45 Ex. 2 at 3.  The Court finds

that the record submitted by the defendant is sufficient to show that Mr. Farinha asserted

he was a police informant when he was not, which in any case, does not rebut the

presumption against release.  The Court finds that application of the additional statutory

factors also requires defendant's detention pending trial.

### B.   THE STATUTORY FACTORS WEIGH AGAINST RELEASING DEFENDANT PENDING TRIAL

#### 1.   Nature and Seriousness of the Offense

Mr. Farinha is charged with serious offenses involving the distribution of a large

quantity of a schedule II controlled substance, cocaine.  See United States v. Christie, 10-

00384SOM, 2010 WL 2900371, at *4 (D. Haw. July 20, 2010) ("The nature of the

offense weighs strongly in favor of detention, as the distribution of drugs is a serious

offense." (citing United States v. Townsend, 897 F.2d 989, 994 (9th Cir. 1990))).  The

United States alleges that Mr. Farinha played a leading role in a drug trafficking

conspiracy that transported over 700 kilograms of cocaine from the United States to

Canada.  Dkt. # 45 at 6.  Not only this, Mr. Farinha has admitted to smuggling drugs and

individuals across the border since 2003.  Dkt. # 45 at 3.  Mr. Farinha faces a mandatory

minimum of ten years in prison and a standard range sentence of 292 to 365 months in

prison.  Dkt. # 45 at 10.  Because of the seriousness of the offense and the substantial

incarceration associated with the offense, the Court finds that Mr. Farinha has

considerable motivation not to return to this country.  The Court is also concerned that

ORDER DENYING DEFENDANT'S MOTION
TO REVOKE DETENTION ORDER - 5

due to Mr. Farinha's alleged ten year history of smuggling drugs and individuals across

the border, that Mr. Farinha not only may have the financial means from the proceeds of

his activities, but also the expertise to travel across international borders undetected. For

all these reasons, this factor weighs heavily in favor of detention.

### 2. Weight of the Evidence

The second factor also weighs in favor of detention.  By Mr. Farinha's own

admission, he paid co-conspirators Dhymitruy Bouryiotis and Montgomery Hill to

smuggle cocaine from the United States to Canada.  Dkt. # 45 Ex. 1 at 33.  Mr. Farinha

admitted that he bought the vehicles used to transport the cocaine, that he paid $10,000 to

have a hidden compartment installed, and that he had coordinated the smuggling of

cocaine into the United States.  Dkt. # 45 Ex. 1.  The government alleged that both co-

conspirators had indicated that they had conducted no less than seven smuggling trips for

Mr. Farinha, and that the proceeds of all the cocaine he had exported into Canada could

exceed twenty million dollars.  Records also indicate that Mr. Farinha bought a $965,000

waterfront property in Blaine, WA that was used as a staging location to smuggle the

cocaine.  Dkt. # 45 at 3.  According to the government, Mr. Farinha paid over one

hundred thousand dollars as a down payment, and had provided the seller with another

one hundred thousand dollar check for the house, which was to be paid in full over a

period of two years.  While the weight of the evidence is the least important factor, see

Motamedi, 767 F.2d at 1408, it nonetheless weighs against releasing Mr. Farinha pending

trial.

### 3. Defendant's Character, Physical and Mental Condition, Family Ties, and Past Substance Abuse and Criminal  History

Mr. Farinha argues that his family ties prevent him from being a flight risk and a

danger to the community.  Dkt. # 43.  These family ties have not prevented Mr. Farinha

ORDER DENYING DEFENDANT'S MOTION
TO REVOKE DETENTION ORDER - 6

from acknowledging that he operated a complex conspiracy to smuggle controlled substances. Dkt. # 45. Mr. Farinha also produced evidence of strong family ties, work history, and the fact that he turned himself in to Canadian authorities to rebut the presumption against his release. Dkt. # 43. The Court notes that Mr. Farinha has four children, and that he co-owns a restaurant in Vancouver, British Columbia. Dkt. # 43 at 2. He has a "blended" family with his girlfriend Olivia Lohan, who has three children from a prior marriage. Ms. Lohan verified much of the information given to Pretrial Services and the Court. The Court views this factor as neutral.

### 4.       Nature and Seriousness of the Danger to Any Person or the Community

The United States alleges Mr. Farinha acted as a leader in a conspiracy involving distribution of cocaine, that he directed his co-conspirators to smuggle cocaine, and that he purchased jet-skis and a car to transport the cocaine. The alleged facts of this case illustrate the inherent danger illegal drug distribution poses to communities. See United States v. Bethea, 763 F. Supp. 2d 50, 54 (D.D.C. Cir. 2011) ("The purchase and sale of narcotics is an inherently dangerous activity.").

### CONCLUSION

The totality of the statutorily prescribed factors, including the presumption against release, weigh in favor of detaining Mr. Farinha pending trial. Mr. Farinha allegedly engaged in a serious conspiracy involving distribution and export of large quantities of drugs. The Court finds by the preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Mr. Farinha if he is released on bail.

ORDER DENYING DEFENDANT'S MOTION
TO REVOKE DETENTION ORDER - 7

1                               *       *       *

2          For all of the foregoing reasons, and based on its de novo review of the record, the

3   Court DENIES Defendant's "Motion to Revoke Detention Order," (Dkt. # 43), and orders

4   Defendant detained pending trial.

5
           DATED this 11th day of December, 2013.
6

7

8

9                                   _____
                                    Robert S. Lasnik
10                                  United States District Judge

11  -

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
    ORDER DENYING DEFENDANT'S MOTION
    TO REVOKE DETENTION ORDER - 8